Filed 9/21/22  In re E.H. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re E.H., A Person Coming Under Juvenile Court Law. _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. S.E., Defendant and Appellant. | B318112 (Los Angeles County Super. Ct. No. 18CCJP02744A) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Judge Pro Tempore. Conditionally affirmed and remanded with directions.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, William Thetford, Deputy County Counsel, for Plaintiff and Respondent.

_____

S.E. (father) appeals from an order terminating his rights to his child E.H. pursuant to Welfare and Institutions Code section 366.26,[1] contending that the termination order should be reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.). No interested party filed a respondent's brief; instead, counsel for father, the minor, and the Los Angeles County Department of Children and Family Services filed a joint application and stipulation for conditional affirmance and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) The Department did not ask paternal uncle Oscar E., paternal aunt Brenda M., or maternal grandmother Yvette V. about Indian heritage even though each had been interviewed by a social worker for possible placement of the child and maternal grandmother had appeared in court. And, after reviewing the entire record, we find that the statutory

_____

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's January 12, 2022, order terminating father's parental rights under section 366.26 is conditionally affirmed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available maternal and paternal relatives, for example, paternal uncle Oscar E., paternal aunt Brenda M., and maternal grandmother Yvette V. about the possibility of the child's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating father's parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

3

I concur:

MOOR, J.

In re E.H.
B318112


BAKER, J., Dissenting


I would reject the parties' stipulation to remand the matter to the juvenile court. This court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].) There is a good case to be made that substantial evidence supports the juvenile court's Indian Child Welfare Act determination. (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)


BAKER, Acting P. J.